UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CHARLES STEPHENS,                          :
                                           :
                       Petitioner,         :
                                           :          **SUMMARY ORDER**
        -against-                          :           13-CV-1378 (DLI)
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
                       Respondent.         :
---------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

Petitioner Charles Stephens ("Petitioner" or "Stephens"), "a native of Guyana and a citizen of the United Kingdom," became a permanent resident in the United States in June 1984. *See* Br. in Supp. of Pet. for Writ of *Coram Nobis* ("Pet. Br."), Dkt. Entry No. 1 at 1. On February 11, 2004, Petitioner pled guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(3)(B) and 1956(h), before United States Magistrate Judge Viktor V. Pohorelsky. *See* Tr. of Crim. Cause for Pleading Before the Hon. Viktor V. Pohorelsky U.S. Mag. Judge ("Plea Tr."), Dkt. Entry No. 5-2.[1] On June 28, 2005, United States District Judge David G. Trager (deceased) accepted Stephens' plea and sentenced him to one year and one day of imprisonment, followed by three years' supervised release, and a fine of $10,000.00. *See* Judg. Incl. Sent. ("Judgm't."), Dkt. Entry No. 5-4. Petitioner was released on July 21, 2006. On October 2, 2006, Petitioner received a Notice to Appear for deportation proceedings in San Antonio, Texas. *See* Mem. in Opp. to Pet. for Writ of Error *Coram Nobis* ("Gov't Opp."), Dkt. Entry No. 5 at 6-7; *see also* In Re Charles Stephens, I. & N. Dec. A38 541 554, 2007 WL 4699936 (Dec. 13, 2007).

Following a series of appeals and challenges to the finding that he was removable due to his conviction, Stephens filed the instant Petition on January 8, 2013. *See* Pet. Br.; Gov.t Opp. at

---

[1] The underlying criminal proceeding on this District was *United States v. Stephens*, No. 03-CR-1345 (DGT).

6-9; *see also* In Re Charles Stephens, 2007 WL 4699936; *Stephens v. Holder*, 544 F. App'x 293 (5th Cir. 2013); *Stephens v. Sessions*, --- F. App'x ---, 2017 WL 1244865 (5th Cir. Apr. 4, 2017). The basis of this Petition is Stephens' insistence that his attorney did not advise him that pleading guilty carried a risk of being deported, and, if he had been aware of this possibility, he would have elected to proceed to trial instead of accepting a plea. *See generally*, Pet. Br. The Government opposed Stephens' Petition. *See* Gov't Opp. Petitioner did not file a reply.

For the following reasons, Stephens' application for a writ of *coram nobis* is denied and the Petition is dismissed.

## DISCUSSION

Available under the All Writs Act, 28 U.S.C. § 1651(a), "[t]he writ of *coram nobis* provides an opportunity to challenge invalid convictions after the sentence has already been served, but 'the results of the conviction still persist.'" *Dean v. United States*, 418 F. Supp.2d 149, 152 (E.D.N.Y. 2006) (quoting *United States v. Morgan*, 346 U.S. 502, 512-13 (1954)). The "extraordinary" relief secured pursuant to a writ of *coram nobis* is meant to rectify "fundamental" errors that "rendered the proceeding itself irregular and invalid." *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal citations and quotation marks omitted).

In order for an individual to secure a writ of *coram nobis*, he:

> must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) [he] continue to suffer legal consequences from his conviction that may be remedied by granting of the writ.

*United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998)). "[I]neffective assistance of counsel is one ground for granting a

writ of *coram nobis*." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Chhabra v. United States*, 720 F.3d 395, 406 (2d Cir. 2013)).

A.    TIMELINESS

The timeliness of a petition for a writ of *coram nobis* is a "threshold issue" for the Court to consider. *Dixon v. United States*, No. 14-CV-960 (KMK), 2015 WL 851794, at *6 (S.D.N.Y. Feb. 26, 2015) (internal citations and quotation marks omitted). While there is no "specific statute of limitations" within which to seek a writ of *coram nobis*, the Court "must decide the issue in light of the circumstances of the individual case." *Foont*, 93 F.3d at 79 (internal citations and quotation marks omitted).

In this case, Petitioner was sentenced on June 28, 2005. *See* Judgm't. He was released in July 2006 and received notice of a deportation proceeding against him in October 2006. Gov't Opp. at 6-7; In Re Charles Stephens, 2007 WL 4699936. Assuming, *arguendo*, that October 2, 2006 was the day he claims to have "understood" the immigration-related consequences of his sentence, Petitioner waited over six years to file this action. Upon review of Stephens' submission, there is no "sound reason" as to why he waited over six years to seek this Court's intervention. *See generally*, Pet. Br. Indeed, six years is well beyond the pale for what district courts in this Circuit generally consider to be "untimely." *See Nangia v. United States*, No. 11-CV-6056 (RMB), 2012 WL 4513477, at *3-4 (S.D.N.Y. Oct. 2, 2012) (delay of seven years after removal proceedings began is untimely); *Ejekwu v. United States*, No. 02-CV-699 (SJ), 2005 WL 3050286, at *3 (E.D.N.Y. Nov. 14, 2005) (delay of "more than two years" resulted in petition's dismissal as untimely); *Mastrogiacomo v. United States*, No. 90-CR-565 (KTD), 2001 WL 799741, at *2 (S.D.N.Y. Jul. 16, 2001) (petition deemed untimely for delay of three years). Accordingly, the Petition is denied as untimely.

**B.**     *PADILLA V. KENTUCKY*

The bulk of Petitioner's submission attempts to circumvent the issue of timeliness by arguing that the Supreme Court's holding in *Padilla v. Kentucky*, 559 U.S. 356 (2010) provided a theretofore unknown basis to challenge his attorney's assistance. *See* Pet. Br. at 3-8. In *Padilla*, the Supreme Court found that "[t]he weight of prevailing professional norms supports the view that counsel must advise [their] client regarding the risk of deportation." 559 U.S. at 367. As such, while Stephens implicitly concedes that the Petition is not timely vis-à-vis the date his deportation proceedings began in 2006, as discussed *supra*, he argues that the holding in *Padilla* both applies retroactively and excuses his delay in filing. *See* Pet. Br. at 5-8. These arguments are unpersuasive and contrary to prevailing law.

First, as a matter of law, while *Padilla* requires an attorney to advise his or her client of the risks of deportation, the Supreme Court specifically has stated that this rule does not apply retroactively. *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013); *see also Sutherland v. Holder*, 769 F.3d 144, 147 (2d Cir. 2014) (explaining that petitioner's "conviction became final before *Padilla* was decided, and *Padilla* does not apply retroactively.") (internal citations omitted); *Santiago v. Laclair*, 588 F. App'x 1, 4 (2d Cir. 2014) ("[T]he rule announced in *Padilla* d[oes] not apply retroactively to defendants whose convictions became final prior to that . . . decision.") (internal citations omitted).[2]

Second, even assuming that *Padilla* applies retroactively, the instant proceeding still is untimely as it was brought almost three years after that decision was rendered. The Petition would still be untimely. *See* discussion *supra*.

---

[2] The Supreme Court's decision in *Chaidez* was decided approximately one month after the Petition was filed, on February 20, 2013.

C.    **THERE IS NO PREJUDICE**

Finally, if the action were not barred by timeliness, the Petition would not survive an analysis on the merits. The Second Circuit has explained that "[a] claim of ineffective assistance of counsel entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense." *Kovacs*, 744 F.3d at 49 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). As such, even if Petitioner could establish the first prong, he could not show prejudice.

The sole basis of this proceeding is Petitioner's insistence that his attorney did not advise him that he could be deported. *See generally*, Pet. Br. However, it is uncontroverted that, during his plea allocution, Petitioner was asked, "[U]pon conviction for this offense, you are subject to deportation. That means that you could be expelled from this country and returned to your country of national origin or citizenship. Do you understand that?" Plea Tr. at 13:9-13. He answered, "Yes, Sir." *Id*. at 13:14.

Since the Court advised Stephens during his plea allocution that he was "subject to deportation" and "could be expelled," he cannot establish prejudice as a matter of law. *See Zhang v. United States*, 506 F.3d 162, 169 (2d Cir. 2007); *Wang v. United States*, No. 10-CV-4425 (BMC), 2011 WL 73327, at *5 (E.D.N.Y. Jan. 10, 2011), *aff'd by* 458 F. App'x 44 (2012).

## CONCLUSION

For the reasons stated above, a writ of *coram nobis* is denied and the Petition is dismissed.


SO ORDERED.

Dated: Brooklyn, New York
        March 31, 2017

                                    /s/
                          _____
                          DORA L. IRIZARRY
                          Chief Judge